UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON CHAPMAN, | No. 2:15-cv-00270-MCE-EFB |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| CITY OF LINCOLN, | |
| Defendant. | |

Plaintiff Byron Chapman ("Plaintiff"), a person with physical disabilities, brought this action based on barriers to access he encountered at the Pavilion Building owned by Defendant City of Lincoln ("Defendant"). Presently before the Court is Plaintiff's Motion for Leave to Amend the Complaint ("Motion") pursuant to Federal Rule of Civil Procedure 15(a)(2).[1] ECF No. 24. Defendant timely opposed the Motion, and Plaintiff replied. Defs.' Opp'n, ECF No. 26; Pl.'s Reply, ECF No. 29. For the reasons described below, Plaintiff's Motion is GRANTED.[2]

---

[1] Unless otherwise noted, all subsequent references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

[2] Also before the Court is Defendant's Motion for Summary Judgment. ECF No. 25. That motion pertains to Plaintiff's original complaint, which will be superseded by the amended pleading Plaintiff will be filing pursuant to this Memorandum and Order. Accordingly, Defendant's Motion is DENIED without prejudice to refiling after the First Amended Complaint is docketed.

1

## BACKGROUND

Plaintiff's original Complaint asserts that Defendant violated the Americans with Disabilities Act ("ADA"), California Civil Code sections 54, 54.1, and 54.3, California Health and Safety Code section 19955, *et seq.*, and California Civil Code section 51 by way of architectural barriers encountered at Defendant's Pavilion Building that interfered with Plaintiff's ability to attend City Council meetings.  Plaintiff now moves to amend his Complaint to include allegations supporting his claim for violation of Title II of the ADA.  While the original Complaint references Title II, Plaintiff primarily set forth Title III factual allegations, which are similar but not identical to those necessary under Title II.

Plaintiff previously moved for leave to amend, but his motion was denied by Judge Garland E. Burrell, Jr., for failure to address the proper standard under Rule 16. ECF No. 21.  After reassignment to this Court, a minute order was issued vacating all dates in this matter and indicating that a new pretrial scheduling order ("PTSO") would issue.  ECF Nos. 22–23.  Plaintiff then filed a new Motion for Leave to Amend on the basis that leave to amend is proper under Rule 15.  Defendant opposes Plaintiff's Motion, arguing in pertinent part that Plaintiff has not shown good cause for the amendment and that Defendant will be prejudiced if amendment is permitted.

## ANALYSIS

Rule 15(a)(2) states that courts should "freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), and the Ninth Circuit has noted that the policy is one "to be applied with extreme liberality," Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).[3]  In exercising its discretion to permit or deny a party to

---

[3] The parties disagree as to whether the Court should apply Rule 16, which requires a showing of good cause, or the more liberal Rule 15, to Plaintiff's Motion.  By vacating all dates set by the previous court and indicating that a new PTSO would issue, this Court intended to vacate the prior PTSO in its entirety.  Since no PTSO is in place, this Motion is governed by Rule 15.

amend its pleading, this Court considers five factors: (1) whether the amendment was filed with undue delay; (2) whether the movant has requested the amendment in bad faith or as a dilatory tactic; (3) whether the movant was allowed to make previous amendments which failed to correct deficiencies of the complaint; (4) whether the amendment will unduly prejudice the opposing party; and (5) whether the amendment would be futile. Foman v. Davis, 371 U.S. 178, 182 (1962). Whether amendment will unduly prejudice the opposing party is the most important consideration in a court's analysis under Rule 15(a). Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). On balance, these factors favor Plaintiff.

Plaintiff has not previously been granted leave to amend, and, while Plaintiff acknowledges that he delayed in seeking the proposed relief, "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712–13 (9th Cir. 2001) (alterations in original) (quoting Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999)). Moreover, nothing in the record supports the conclusion that Plaintiff acted in bad faith in filing the instant Motion. Nor does it appear to the Court that amendment will necessarily be futile.

Defendant's argument that it will suffer undue prejudice if the Court grants Plaintiff's Motion is similarly misplaced. Specifically, Defendant argues that granting leave to amend will require it to attack the amended complaint under Rule 12(b)(6) and amend its pending Motion for Summary Judgment. Defendant contends that it will suffer prejudice as a result of these additional litigation expenses and concomitant delay. Undue prejudice has been found where the "parties have engaged in voluminous and protracted discovery prior to amendment" and where filing an amended complaint would have led to "the nullification of prior discovery, increase the burden of necessary future discovery," or required the re-litigation of a previous suit. Utterkar v. Ebix, Inc., No. 14-CV-02250-LHK, 2015 WL 5027986, at *6 (N.D. Cal. Aug. 25, 2015) (citing Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990)). Defendant has not pointed to any of these potentially deleterious effects in this case where Plaintiff's proposed

3

amendment does not add any new claims and instead includes additional allegations supporting Plaintiff's original Title II cause of action. Defendant has thus failed to establish that granting Plaintiff's Motion will result in undue prejudice, and, consistent with the foregoing, amendment shall be granted.

## CONCLUSION

Plaintiff's Motion for Leave to Amend the Complaint (ECF No. 24) is GRANTED. Not later than five (5) days following the date this Memorandum and Order is electronically filed, Plaintiff is directed to file his First Amended Complaint. Defendant's pending Motion for Summary Judgment (ECF No. 25) is accordingly DENIED without prejudice.

IT IS SO ORDERED.

Dated: April 27, 2016

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT