UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BYRON CHAPMAN,

        Plaintiff,

    v.

CITY OF LINCOLN,

        Defendant.

No. 2:15-cv-00270-MCE-EFB

**MEMORANDUM AND ORDER**

Plaintiff Byron Chapman ("Plaintiff"), a person with physical disabilities, brought this action based on barriers to access he encountered at the Pavilion Building owned by Defendant City of Lincoln ("Defendant" or "City"). Presently before the Court are the parties' Cross Motions for Summary Judgment. ECF Nos. 62, 65. For the reasons described below, Plaintiff's Motion is DENIED, Defendant's Motion is GRANTED as to Plaintiff's Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., claim for injunctive relief, and the Court declines to exercise its supplemental jurisdiction over Plaintiff's state law claims.[1]

///

///

---

[1] Having determined that oral argument would not be of material assistance, the Court ordered this Motion submitted on the briefs in accordance with E.D. Local Rule 230(g).

# BACKGROUND[2]

The gist of Plaintiff's Complaint is that Defendant violated the Americans with Disabilities Act (ADA), California Civil Code sections 54, 54.1, and 54.3, and California Civil Code section 51 by way of architectural barriers encountered at Defendant's Pavilion Building that interfered with Plaintiff's ability to attend and/or participate in City Council meetings, a service and activity of the City. On multiple occasions between November 27, 2012, and February 10, 2015, Plaintiff encountered a variety of barriers that impeded his ability to attend and participate in those meetings. Subsequently, on April 14, 2015, Defendant relocated its City Council meetings to its City Hall, an ADA compliant location. The City also nonetheless undertook extensive efforts to make the Pavilion Building compliant as well. In fact, the only remaining dispute between the parties as to the Pavilion Building is whether the disabled parking spaces, which were previously located at the perimeter of the parking lot but have now been moved to the center, are compliant.

Given the foregoing, Plaintiff has moved for summary judgment arguing that: (1) the parking lot is a program, service, or activity of the City; and (2) Plaintiff was and continues to be excluded from participation in or otherwise discriminated against with regard to the parking lot. Defendant, on the other hand, contends judgment in its favor is warranted because: (1) Plaintiff's claims for injunctive relief are moot given the relocation of the City Council Meetings and the remedial work performed at the Pavilion Building; (2) Plaintiff's claims for damages fail because City residents always had program access to City Council meetings; (3) Plaintiff lacks standing to pursue his claims for violation of California Civil Code §§ 54, 54.1, and 54.3; and (4) regardless, the Court should decline to exercise its supplemental jurisdiction over Plaintiff's state law claims. For the reasons that follow, Plaintiff's Motion is DENIED, and Defendant's Motion is GRANTED in part.

///

---

[2] The material facts set forth below are undisputed.

# STANDARD

The Federal Rules of Civil Procedure provide for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. Celotex, 477 U.S. at 325.

Rule 56 also allows a court to grant summary judgment on part of a claim or defense, known as partial summary judgment. See Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."); see also Allstate Ins. Co. v. Madan, 889 F. Supp. 374, 378–79 (C.D. Cal. 1995). The standard that applies to a motion for partial summary judgment is the same as that which applies to a motion for summary judgment. See Fed. R. Civ. P. 56(a); State of Cal. ex rel. Cal. Dep't of Toxic Substances Control v. Campbell, 138 F.3d 772, 780 (9th Cir. 1998) (applying the summary judgment standard to a motion for summary adjudication).

In a summary judgment motion, the moving party always bears the initial responsibility of informing the court of the basis for the motion and identifying the portions in the record "which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. "However, if the nonmoving party bears the burden of proof on an issue at trial, the moving party need not produce affirmative evidence of an absence of fact to satisfy its burden." In re Brazier Forest Prods. Inc., 921 F.2d 221, 223 (9th Cir. 1990). If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288–89 (1968).

///

In attempting to establish the existence or non-existence of a genuine factual dispute, the party must support its assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits[,] or declarations . . . or other materials; or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251–52 (1986); Owens v. Local No. 169, Ass'n of W. Pulp & Paper Workers, 971 F.2d 347, 355 (9th Cir. 1987). The opposing party must also demonstrate that the dispute about a material fact "is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. In other words, the judge needs to answer the preliminary question before the evidence is left to the jury of "not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251 (quoting Improvement Co. v. Munson, 81 U.S. 442, 448 (1871)). As the Supreme Court explained, "[w]hen the moving party has carried its burden under Rule [56(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. Therefore, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Id. at 587.

In resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. Anderson, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.

///

Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), aff'd, 810 F.2d 898 (9th Cir. 1987).

## ANALYSIS

The only remedy available for the ADA violations Plaintiff has alleged is injunctive relief. See Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002).[3] More specifically here, Plaintiff's Complaint seeks program access to City Council meetings at the City's Pavilion building. The problem with this argument now is that the meetings have been moved to City Hall, a building that, at least for purposes of this case, the parties agree is ADA compliant. Accordingly, Plaintiff cannot show that he will be denied program access as alleged in the Complaint going forward and his federal claim is thus moot.

Nor does it matter that Plaintiff contends alterations to the Pavilion parking lot rendered it noncompliant with ADA standards. Plaintiff does not allege in the Complaint that he frequented the Pavilion building for any purposes other than to attend City Council meetings.[4] See, e.g., Pickern v. Pier 1 Imports (U.S.), Inc., 457 F.3d 963, 968-69 (9th Cir. 2006) (discussing failure to include new allegations in complaint or to seek leave to amend to add such allegations). Given that those meetings are no longer held at that location, it thus follows that he also cannot show that the purportedly noncompliant parking lot has deterred him from going back to that site. See Vogel v. Winchell's Donut Houses Operating Co., LP, 252 F. Supp. 3d 977, 9893 (C.D. Cal. 2017) ("[T]here are two ways an ADA plaintiff can show a cognizable injury-in-fact: (1) by showing injury-in-fact plus an intent to return to the facility at issue; or (2) showing that he was deterred from visiting the facility because he encountered barriers relating to his disability there."). In sum, if, as alleged in the Complaint, the only reason Plaintiff was

---

[3] Monetary damages are recoverable upon a showing of intentional discrimination. Plaintiff has expressly disclaimed such claims.

[4] Although Plaintiff offers evidence with respect to the current motions to indicate that he has subsequently visited the Pavilion building for other purposes, those arguments exceed the scope of the Complaint, which contains no such averments.

5

returning to the Pavilion building was to attend City Council meetings, and those meetings have been moved, Plaintiff cannot show that he is being further deterred from returning now, or, consequently, that any order of this Court will address a real and immediate threat of repeated harm.[5]  Defendant's Motion for Summary Judgment as to Plaintiff's ADA claim is thus GRANTED, and Plaintiff's motion is DENIED.[6]

Given resolution of Plaintiff's federal claim, the Court declines to exercise supplemental jurisdiction over Plaintiff's state claims.  If a federal district court has dismissed all claims over which it has original jurisdiction, it may, in its discretion, dismiss without prejudice supplemental state law claims brought in the same action. 28 U.S.C. § 1367(c)(3); see Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir.1997) (en banc).  Several factors are considered in determining whether the Court should continue to exercise its jurisdiction over state law claims.  These factors include economy, convenience, fairness, and comity in deciding whether to retain jurisdiction over pendent state claims.  Imagineering, Inc. v. Kiewit Pac. Co., 976 F.2d 1303, 1309 (9th Cir.1992) (citing Carnegie—Mellon Univ. v. Cohill, 484 U.S. 343, 353, 108 S. Ct. 614, 98 L.Ed.2d 720 (1988)).  Although the Court is not required to dismiss the supplemental state law claims, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie—Mellon Univ., 484 U.S. at 350 n.7; see also Schneider v. TRW, Inc., 938 F.2d 986, 993–94 (9th Cir. 1991).

Here, the Carnegie—Mellon factors weigh in favor of dismissal.  Only state law claims remain, this case has yet to proceed to trial, and the Court has not addressed or

---

[5] In a similar vein, Plaintiff cannot now claim that the parking lot is itself a service of the City.  Even if Plaintiff is correct, such an allegation is not included anywhere in the Complaint, which instead focuses on the City's service or program of providing access to City Council meetings.

[6] The Court nonetheless wishes to make clear that it found the City's arguments as to Plaintiff's litigation history unpersuasive.  By way of this case, Plaintiff has succeeded in convincing the City that systemic changes were required to make the Pavilion building more accessible, and the City appears to have been responsive as well.  The Court commends both sides for effectuating change consistent with the spirit of the applicable laws to ensure that all of our citizens are afforded the opportunity to participate in their communities.

considered the factual merits of any of Plaintiff's contentions. Judicial economy thus weighs against continuing to exercise supplemental jurisdiction in this case. Nor do the comity and fairness factors weigh in favor of exercising supplemental jurisdiction since "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L.Ed.2d 218 (1966). Plaintiff's state law claims are therefore DISMISSED without prejudice under 28 U.S.C. § 1367(c).

## CONCLUSION

Plaintiff's Motion for Summary Judgment (ECF No. 65) is DENIED, and Defendant's Motion for Summary Judgment (ECF No. 62) is GRANTED as to Plaintiff's claims for injunctive relief. The Court declines to exercise its supplemental jurisdiction over Plaintiff's state law claims, and the Clerk of the Court is directed to enter judgment in favor of Defendant and to close this case.

IT IS SO ORDERED.

Dated: December 11, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE